IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARVIN BENTON, §
 §
Plaintiff, §
 § Civil Action No. 3:06-CV-1591-D
VS. §
 §
U.S. ENVIRONMENTAL §
PROTECTION AGENCY; §
LISA JACKSON, Administrator, §
 §
Defendant. §

MEMORANDUM OPINION
AND ORDER

Plaintiff Marvin Benton ("Benton"), who is represented in this case by counsel, has

filed *pro se* objections to the magistrate judge's March 12, 2012 order granting in part,

denying in part, and denying in part as moot his January 25, 2012 motion to compel.

Concluding that Benton is not entitled to proceed *pro se* while represented by counsel and

that he has failed to show reversible error, the magistrate judge's order is AFFIRMED.[*]

I

Benton is represented by counsel. Although several recent pleadings have purportedly

been signed jointly by Benton and his counsel, Benton filed his objections *pro se*. *See* P.

Objs. 1 ("Plaintiff, Marvin Benton, acting pro se, hereby files his Objections[.]"). 28 U.S.C.

_____

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written
opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[]
issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."
It has been written, however, primarily for the parties, to decide issues presented in this case,
and not for publication in an official reporter, and should be understood accordingly.

§ 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." But "a party seeking to assert his statutory right to self-representation must clearly and unequivocally discharge any lawyer previously retained. A party does not have a right to self-representation and representation by counsel at the same time." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

> [T]he rights of self-representation and representation by counsel cannot be both exercised at the same time. Although a trial judge may in his discretion permit a party to enjoy both halves of the statutory right, Section 1654 does not itself confer any right to hybrid representation. Thus, a party seeking to assert his statutory right of self-representation must clearly and unequivocally discharge any lawyer previously retained.

*O'Reilly v. N.Y. Times Co.*, 692 F.2d 863, 868 (2d Cir. 1982) (internal quotation marks and citations omitted).

The court declines in its discretion to permit Benton to be represented by counsel and to act *pro se* in the same case. Therefore, until he clearly and unequivocally discharges his lawyer, the court will not consider any filings that, as here, are made *pro se*. Absent the filing of timely objections, the magistrate judge's order must stand.

II

Even if the court considers Benton's objections, he has failed to demonstrate reversible error.

This appeal is governed by Fed. R. Civ. P. 72(a), which provides that the court must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is

contrary to law." *Id.* "The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, L.L.P.,* 164 F.R.D. 204, 208 (N.D. Tex. 1996) (Fitzwater, J.) (quoting *Smith v. Smith,* 154 F.R.D. 661, 665 (N.D. Tex. 1994) (Fitzwater, J.) (internal quotation marks omitted)). "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Smith,* 154 F.R.D. at 665) (internal quotation marks and brackets omitted). "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." *Id.* (quoting *Smith,* 154 F.R.D. at 665) (internal quotation marks omitted). The legal conclusions of the magistrate judge are reviewable *de novo*, and the district judge "reverses if the magistrate judge erred in some respect in her legal conclusions." *Id.* (citing *Smith,* 154 F.R.D. at 665). "[T]he abuse of discretion standard governs review of that vast area of . . . choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." *Id.* (quoting *Smith,* 154 F.R.D. at 665) (alteration and ellipsis in original; internal quotation marks omitted). "When a party appeals a magistrate judge's order, he must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows,* 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.). "This means that, at a minimum, the party must identify the ruling being challenged, specify the standard of review, and explain why the decision in question is

reversible under that standard." *Librado v. M.S. Carriers, Inc.,* 2004 WL 583602, at \*4 (N.D. Tex. Mar. 23, 2004) (Fitzwater, J.).  Benton has failed to demonstrate that the magistrate judge erred as a matter of law, made clearly erroneous factual findings, or abused her discretion.

\*     \*     \*

Accordingly, the magistrate judge's March 12, 2012 order granting in part, denying in part, and denying in part as moot plaintiff's January 25, 2012 motion to compel is AFFIRMED.

March 28, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE